**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1427
_____

KALU KALU,
                    Appellant

v.

WARDEN MOSHANNON VALLEY CORRECTIONAL CENTER;
P. JUSTER, SSIM, Federal Bureau of Prisons;
SCOTT BLAKE, Asst. Field Office Director, U.S. Dept. of Homeland Security,
Immigration and Customs Enforcement; ATTORNEY GENERAL UNITED STATES
OF AMERICA; HONORABLE SECRETARY, U.S. Dept. of Homeland Security;
GEO GROUPS, INC.; FEDERAL BUREAU OF PRISONS;
UNITED STATES DEPARTMENT OF JUSTICE;
U.S. DEPARTMENT OF HOMELAND SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:14-cv-00028)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2016
Before:  VANASKIE, SCIRICA and FUENTES, Circuit Judges

(Opinion filed: September 12, 2016)

_____

OPINION[*]

_____

PER CURIAM

Kalu Kalu, detained at the Moshannon Valley Correctional Center ("MVCC") (a Geo Group, Inc., contract facility for the Federal Bureau of Prisons ("BOP")), has been unable to obtain a medical examination by a civil surgeon, see 42 C.F.R. § 34.1, necessary for an application for immigration relief, see 8 U.S.C. § 1182(h); 8 U.S.C. § 1255.[1] Because Kalu could not get the necessary exam while in custody, DHS moved to terminate Kalu's immigration proceedings without prejudice. An Immigration Judge ("IJ") granted the motion, and the BIA affirmed (and denied reconsideration).[2]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1]Kalu, a citizen of Nigeria who became a lawful permanent resident in October 2007, is serving a federal sentence (with a projected release date in September 2016) for a 2010 conviction for conspiracy to commit health care fraud and related offenses. In October 2011, the Department of Homeland Security ("DHS") charged him as removable pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(i) and (iii). Kalu admitted the factual allegations contained in the notice to appear and was found removable as charged. The Board of Immigration Appeals ("BIA") dismissed Kalu's appeal. However, on February 11, 2013, the BIA granted Kalu's motion to reopen and remanded for further proceedings based on our decision in Hanif v. Attorney General of the United States, 694 F.3d 479 (3d Cir. 2012). On remand, Kalu applied for adjustment of status and a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h), which requires the submission of a completed medical examination form (Form I-693).

[2] Kalu filed a petition for review, which we dismissed because our jurisdiction under 8 U.S.C. § 1252 is limited to review of final orders of removal. Kalu v. Att'y Gen. of the U.S., C.A. No. 13-3787 (order entered on Dec. 26, 2013).

2

Kalu filed suit. Kalu objected to the termination of his immigration proceedings without notice or a hearing. He also maintained that his inability to get the medical exam (and complete the application process) until the end of his sentence (when he is transferred to DHS custody) will result in additional time in detention for him. He noted that if he were allowed to get the exam, he could participate in the Institution Hearing Program ("IHP") at MVCC in which an IJ would preside, via videoconference, at a hearing to determine his removability. Kalu stated (supported by a program review report) that he was designated as an IHP participant on entry to MVCC, and he further alleged that his inability to participate in the IHP program prevents him from receiving a ruling that he is not removable. Such a ruling would allow him to be eligible for a transfer to another BOP facility and for participation in various BOP sentence reduction programs. (In relation to his (or other aliens') inability to participate in BOP programs, he alludes to "racial discrimination.")

In his paid complaint against the Geo Group, the MVCC warden, DHS, BOP, the BOP senior secure institution manager at MVCC, the United States Department of Justice, and other government officials, Kalu sought mandamus relief under 28 U.S.C. § 1361 and declaratory and injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 and 706(1). More specifically, he requested an order to compel the defendants to provide him access to a civil surgeon (at his own expense) to certify his Form I-693; to certify any MVCC attending physician or any medical officer of the public health system to certify his Form I-693; to preserve and protect his

3

immigration applications submitted to the IJ; and to reinstate his terminated immigration proceedings. Kalu also asked for a declaration that the defendants' acts, procedures, and policies were unlawful and unconstitutional, and particularly (1) that the refusal to provide access to a civil surgeon violated the APA, Immigration and Customs Enforcement Operations Instructions ("ICEOI"), the Immigration and Nationality Act ("INA"), and the Fifth Amendment Due Process Clause; and (2) that the termination of his immigration proceedings violated the INA, ICEOI, the United States Constitution, including its Due Process provisions, and 8 C.F.R. §§ 239.1 and 1239.2.

The federal defendants filed a motion to dismiss the complaint, or, in the alternative, a motion for summary judgment. They argued that the District Court lacked jurisdiction over a claim to reinstate Kalu's immigration proceedings, and that Kalu's claim for access to a civil surgeon was either moot and/or unripe or did not state a claim. They also contended that any challenge to Kalu's immigration detainer failed to state a claim. The Geo Group and the warden filed a separate joint motion to dismiss Kalu's complaint, claiming insufficient service of process and failure to state a claim under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

The District Court, adopting a Magistrate Judge's report and recommendation over Kalu's objections, granted the defendants' motions and dismissed the complaint with prejudice. The District Court first noted that although Kalu did not effect proper service on all of the defendants, the District Court would consider the claims on the merits. The

4

District Court then ruled that it was without mandamus power to compel any of the actions Kalu requested. The District Court noted that Kalu had not identified any legal authority to reopen the removal proceedings or to establish that any defendant had a duty to provide him with a medical examination. The District Court rejected Kalu's due process claim as a procedural due process claim (on the basis that Kalu was not being deprived of any property or liberty interest) and as a substantive due process claim. The District Court also stated that it was rejecting Kalu's challenge to his immigration detainer and his claim of a violation of the Equal Protection Clause. The District Court further held that no <u>Bivens</u> claim could proceed.

Kalu appeals.[3] After briefing, the federal defendants filed a motion to dismiss the appeal, in which the other defendants join. They argue that due to intervening events, namely, the reinstatement of removal proceedings against Kalu,[4] Kalu's claims are either moot or unripe for adjudication. More specifically, they maintain that Kalu's request for an order reinstating his removal proceedings and his challenge to the order terminating the earlier proceedings are moot. They further argue that his request for access to a civil surgeon is not ripe for adjudication because he has not demonstrated that the Executive Office for Immigration Review will force him to litigate his new removal proceedings without allowing him to complete any forms necessary to his applications for relief.

---

[3] He also presents motions to expedite his appeal and requests that we take judicial notice of transcripts from the Immigration Court, documents related to his petition for review in C.A. No. 13-3787, and the institution of new removal proceedings against him.

[4] We take judicial notice of the undisputed fact (brought to our attention by all parties)

They note that the date for his release from MVCC (September 11, 2016) approaches and he does not explain why he cannot complete the form once he is released from MVCC and before his next immigration hearing (on September 13, 2016) or why he cannot seek a continuance of the removal proceeding in order to complete the form.

We grant in part the motion to dismiss the appeal. To the extent that Kalu seeks reinstatement of his removal proceedings through this action, his appeal is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992). We also conclude that this appeal is moot to the extent that Kalu seeks the preservation of his applications for relief in the earlier removal proceedings. As the defendants note, in a footnote to their motion to dismiss, those documents are preserved in the administrative record of Kalu's immigration proceedings (which has been filed in C.A. No. 13-3787 and which Kalu asks us to take judicial notice of). However, we do not agree that his request for access to a civil surgeon is speculative or that other aspects of this appeal are moot.

We have jurisdiction over the remaining issues in this appeal pursuant to 28 U.S.C. § 1291.[5] To the extent that the District Court denied the requested mandamus

_____

that DHS served Kalu with a new notice to appear on July 18, 2016.

[5] We do not consider, as the District Court did, any challenge to Kalu's immigration detainer. It is not clear to us that Kalu raised such a challenge in his complaint, and, in any event, to the extent he may have, he does not pursue the claim on appeal.

relief, we review the decision for abuse of discretion (considering the record de novo to determine if the requirements for mandamus relief have been met as a matter of law). Arnold v. BLaST Intermediate Unit 17, 843 F.2d 122, 125 (3d Cir. 1988). We otherwise exercise plenary review over the District Court's order dismissing Kalu's complaint. In re Schering-Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

As the District Court concluded, Kalu is not entitled to an order, through the District Court's mandamus authority or otherwise, that the defendants provide him access to a civil surgeon (at his own expense) to certify his Form I-693. First, mandamus relief was not warranted. Under extraordinary circumstances, see Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996), a district court can compel an officer or employee of the United States to perform a duty owed to a plaintiff, see 28 U.S.C. § 1361. "Mandamus is an appropriate remedy only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992) (citations and internal quotation marks omitted).

Kalu cites several statutes and regulations as bases for the duty to provide him access to a civil surgeon. Although two of the cited statutes relate to his claim, neither provides strong support for a duty imposed on his jailors. For instance, 8 U.S.C. § 1222 describes the detention of arriving aliens for physical and mental examination by medical officers of the United States Public Health Service, or, if the medical officers are not

7

available, civil surgeons, and 8 U.S.C. § 1229a(c) describes a certification of inadmissibility that a civil surgeon may provide. One cited regulation comes closer. In 8 C.F.R. § 232.2, the regulations provide that "[w]hen a medical examination is required of an alien who files an application for status as a permanent resident . . . it *shall* be made by a selected civil surgeon." 8 C.F.R. § 232.2(a) (emphasis added). However, we understand that to mean that an alien must have the required medical examination conducted by a civil surgeon not that an alien must be provided with access to a civil surgeon. We have not found any other legal source for a duty to provide him access to a civil surgeon or for a right to access a civil surgeon while serving time for a federal conviction.[6]

Remaining is Kalu's challenge to the termination of his immigration proceedings.[7] The District Court could have reviewed the decision to terminate the proceedings under

---

[6] Kalu alternatively seeks an order to certify any MVCC attending physician or any medical officer of the public health system to certify his Form I-693, but no legal basis for such an order is apparent. Under 8 C.F.R. § 232.2, at the district director's discretion, physicians with qualifications or experience different from those ordinarily required for a civil surgeon may be appointed "to address unusual or unforeseen situations as the need arises." However, the availability of that discretionary appointment of an MVCC physician to conduct Kalu's examination does not create a basis for the District Court to certify an MVCC doctor for Kalu.

[7] Kalu's challenge is based on, inter alia, the APA. We note that the Geo Group and the MVCC warden did seek dismissal of any APA claim against them. However, Kalu could not have directed his APA claims at those defendants because those defendants are not "agencies" subject to the APA. See 5 U.S.C. § 701. Also, the District Court did not identify or discuss an APA claim against any defendant. Nonetheless, it dismissed the complaint in its entirety, and although Kalu paid the filing fee, the District Court was able to screen the complaint brought against governmental entities or officials under 28 U.S.C. § 1915A. And we may affirm the judgment of the District Court on any basis supported

the APA only if (1) the "action was not 'committed to agency discretion by law,' 5 U.S.C. § 701(a)(2); (2) no statute precluded review, 5 U.S.C. § 701(a)(1); (3) the . . . action was a 'final agency action,' 5 U.S.C. § 704; and (4) no 'special statutory review' provision required that [Kalu's] action be brought in some other form or forum, 5 U.S.C. § 703." Chehazeh v. Att'y Gen. of the U.S., 666 F.3d 118, 127 (3d Cir. 2012). The federal defendants cite 8 U.S.C. § 1252(g) and contend that no court has jurisdiction to review the Government's decision to decline to pursue removal proceedings. Even if the bar of § 1252(g) does not apply, or Kalu's claim comes within an exception to that jurisdictional bar, see Chapinski v. Ziglar, 278 F.3d 718, 721 (7th Cir. 2002) (carving out due process violations, substantial constitutional issues, and "bizarre miscarriages of justice" as reviewable), and assuming the other prerequisites for APA review were met, he did not state a viable claim in relation to the termination of proceedings.

Although the District Court concluded that Kalu did not object to procedural problems, Kalu appears to have done so. However, the Government and the IJ followed the procedure set down in the regulations. See 8 C.F.R. § 239.2(a)(7) & (c). And we conclude that the District Court was correct in ruling that Kalu did not identify a property or liberty interest that he seeks to protect. He hoped to continue the proceedings in an

---

by the record. See Erie Telecomms., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988).

9

effort to receive a discretionary benefit; however, he does not have a right to either that benefit or to having removal proceedings brought against him.[8]

For these reasons, to the extent that this appeal remains a live controversy, we will affirm the District Court's judgment. As we explained above, we also grant in part the defendants' motion to dismiss, and we will dismiss this appeal in part as moot. The motions to expedite are granted, as are the motions to take judicial notice.

---

[8] Lastly, we note that to the extent that Kalu sought to raise an equal protection claim, he did not state a claim upon which relief could be granted.